**Motion for Rehearing Denied; Motion for En Banc Reconsideration Denied as Moot. Reversed and Rendered and Supplemental Memorandum Opinion filed March 29, 2022.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-18-00807-CV

---

### MATTER OF T.V.T.

---

**On Appeal from the 314th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-04208J**

---

## SUPPLEMENTAL MEMORANDUM OPINION ON REHEARING

The State filed a motion for rehearing in which it challenges the majority's statutory analysis. We deny the State's motion for rehearing and issue this supplemental opinion on rehearing. The State's motion for en banc reconsideration is denied as moot.

In his first two issues on appeal, appellant challenged the trial court's denial of his motion to quash and motion to dismiss in which he argued he could not be prosecuted for aggravated sexual assault of a child because, as a child under the age

of 14, he lacked the requisite mens rea to commit the offense.

Since our original opinion issued in this case, the Supreme Court of Texas decided *State v. R.R.S.*, 597 S.W.3d 835 (Tex. 2020) in which the court held that a juvenile's legal inability to consent to sex does not render the juvenile legally incapable of committing the offense of aggravated sexual assault where the juvenile intentionally or knowingly committed the proscribed acts. *Id.* at 842–43. In reaching this conclusion, the high court held that, "*In the absence of any contrary record evidence*, a juvenile's stipulation to the charges and admission to the allegations is sufficient on its own to support the trial court's adjudication of delinquency." *Id.* at 844 (emphasis added).

The State filed supplemental briefing in which it alleges appellant's issues have been overruled by the supreme court's opinion in *State v. R.R.S.* We disagree and conclude that this case is distinguishable on its facts.

The appellant in *R.R.S.* was 13 years old at the time he confessed to his mother that he sexually assaulted his five-year-old twin brothers. 597 S.W.3d at 837. The appellant in this case was also 13 years old when he pleaded guilty to sexual assault of a 12-year-old. The distinguishing factors are first, in *R.R.S.*, the appellant sought to withdraw an unconditional plea. *See id.* at 837. In this case appellant recognized the lack of a consent defense and pleaded guilty, arguing that under the statute he had no defense. As argued before the plea in the instant case, appellant advised the court on the record:

> ***[W]e would be using a consent defense in this case***. But the thing is, it is gonna be arguing outside the law, it would be jury nullification and it would be objected to and I would not get a jury charge on that. So as such, ***I have no defense that I could legally put on.*** (emphasis added)

While the issue of consent is not a defense, it can be considered informative

on the element of *mens rea* and present *contrary record evidence.*[1] *See id.*

Second, the documents in the appellate record reflect that appellant in this case was simultaneously both a victim and an offender. (RR 36)

When an adult engages in sexual conduct with a child under the age of 13, it is clear which party is the offender and which is the victim. But when two children under the age of 13 engage in sexual conduct with each other, each child can be both an offender and a victim, and the distinction between those two terms breaks down. The high court in *State v. R.R.S.* recognized that a juvenile's stipulation to the charges and admission to the allegation was sufficient "absent contrary evidence." *Id.* at 844. Here, because the record reflects that appellant was both an offender and a victim, we conclude this case is distinguishable from *R.R.S.*, and deny the relief requested in the State's motion for rehearing.

/s/    Jerry Zimmerer
       Justice

Panel consists of Justices Zimmerer, Spain, and Hassan (Spain, J. and Hassan, J. concurring without opinion).

---

[1] Here, the decision in *R.R.S.* permits the introduction of "contrary record evidence." 597 S.W.3d at 844. Because appellant did not have the benefit of the supreme court's decision in *R.R.S.*, he did not have the opportunity to present contrary record evidence. *See* Tex. R. App. P. 43.3(b).

3